**ELECTRONICALLY-FILED**
**WOOD COUNTY COMMON PLEAS COURT**
**Wednesday, January 06, 2021 3:47:40 PM**
**2021CV0009 - Joel M Kuhlman**
**DOUGLAS F. CUBBERLEY**
**CLERK OF COURTS WOOD COUNTY OHIO**

## IN THE COURT OF COMMON PLEAS
## WOOD COUNTY, OHIO

| | | |
|---|---|---|
| **BETTY BALIMUNKWE** | : | |
| 2432 Packard Street | : | |
| Ann Arbor, MI 48104 | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| -vs- | : | Judge |
| | : | |
| **STAR TRANSPORTATION, INC.** | : | |
| 1234 Bridgestone Pkwy | : | |
| La Vergne, TN 37086 | : | COMPLAINT WITH JURY DEMAND |
| | : | ENDORSED HEREON |
| C/O CORPORATION SERVICE | : | |
| COMPANY | : | |
| 2908 Poston Ave | : | |
| Nashville, TN 37203 | : | |
| | : | |
| and | : | |
| | : | |
| **COVENANT TRANSPORT, INC.** | : | |
| 400 Birmingham Highway | : | |
| Chattanooga, TN 37419 | : | |
| | : | |
| C/O CORPORATION SERVICE | : | |
| COMPANY | : | |
| 2908 Poston Ave | : | |
| Nashville, TN 37203 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHNNY PHILLIPS** | : | |
| 725 Bilbrey Road | : | |
| Rickman, TN 38580 | : | |
| | : | : |
| and | : | |
| | : | |
| **JOHN DOES 1-10** | : | |
| Names Unknown | : | |
| Addresses Unknown | : | |
| | : | |
| and | : | |
| | : | |
| **ABC CORPORATIONS 1-10** | : | |

| | |
|---|---|
| Names Unknown | : |
| Addresses Unknown | : |
| | : |
| Defendants. | : |

## COMPLAINT

Now comes Plaintiff Betty Balimunkwe ("Ms. Balimunkwe" or "Plaintiff"), for her Complaint against Johnny Phillips ("Phillips"), Star Transportation, Inc. ("Star Transportation"), Covenant Transport, Inc. ("Covenant Transport"), John Does 1-10, and ABC Corporations 1-10 (collectively, "Defendants"), and hereby states:

1. Plaintiff Betty Balimunkwe is an individual residing at 2432 Packard Street, Ann Arbor, Michigan 48104.

2. Defendant Star Transportation is a company whose principal address is located at 1234 Bridgestone Parkway, La Vergne, Tennessee 37086.

3. Defendant Covenant Transport is a company whose principal address is located at 400 Birmingham Highway, Chattanooga, Tennessee 37419.

4. Upon information and belief, Defendant Star Transportation is a for profit company licensed to do business in the State of Ohio.

5. Upon information and belief, Defendant Covenant Transport is a for profit company licensed to do business in the State of Ohio.

6. Defendant Johnny Phillips is an individual residing at 725 Bilbrey Road, Rickman, Tennessee 38580.

7. The names and addresses of Defendants John Does 1-10 and ABC Corporations 1-10 are unknown, and despite due diligence, Plaintiff was not able to discover the names and addresses of Defendants John Does 1-10 and ABC Corporations 1-10 prior to filing this Complaint.

8. At all times relevant hereto, Phillips was an agent and/or employee of Defendants Star Transportation, Covenant Transport, John Does 1-10 and/or ABC Corporations 1-10, and Phillips was acting within the scope and course of said agency or employment, and in furtherance of the interests of Defendants Star Transportation, Covenant Transport, John Does 1-10 and/or ABC Corporations 1-10.

## COUNT ONE

9. On or about January 8, 2019, on Interstate 75 in Wood County, Ohio, Phillips negligently operated a Freightliner Cascadia (hereinafter, "Freightliner"), failing to use a turn signal and failing to exercise due care as he changed lanes, thereby causing a collision to occur with the vehicle in which Ms. Balimunkwe was a passenger.

10. Phillips was given a citation for violation of Ohio Revised Code 4511.39 for a failure to exercise due care when changing lanes and/or not giving an appropriate signal related to the same.

11. Phillips was found guilty for violating Ohio Revised Code 4511.39.

12. As a direct and proximate result of Defendants' negligence, Ms. Balimunkwe suffered severe and permanent injuries, including, but not limited to, significant injuries to her back, neck, head, eyes, shoulders, legs, hips, and feet, causing her severe and permanent pain, discomfort, emotional distress, suffering, anguish, the inability to perform normal mechanical functions and the loss of enjoyment of life.

13. As a further direct and proximate result of Defendants' negligence, Ms. Balimunkwe has experienced anxiety and humiliation and expects to continue to so suffer.

14. As a further direct and proximate result of Defendants' negligence, Ms. Balimunkwe has incurred hospital, medical, and other health care expenses in excess of $240,000.00, and will continue to incur such losses into the future in amounts not presently known.

15. As a further direct and proximate result of Defendants' negligence, Ms. Balimunkwe sustained wage losses and will continue to sustain wage losses in the future, in amounts not presently ascertainable, but which shall be proven at the trial of this matter.

16. As a further direct and proximate result of Defendants' negligence, Ms. Balimunkwe's earning capacity has been impaired.

17. As a further direct and proximate result of Defendants' negligence, Ms. Balimunkwe received the home health care services of her family members, for which she is entitled to the fair market value of such services.

### COUNT TWO

18. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

19. At the date, time and place referenced in the preceding paragraphs, Phillips operated the Freightliner willfully, wantonly and recklessly. As a direct and proximate result of Phillips' willful, wanton and reckless conduct, Ms. Balimunkwe suffered the losses and damages set forth in paragraphs above.

20. As a further direct and proximate result of Phillips' willful, wanton and reckless misconduct, Ms. Balimunkwe is entitled to punitive damages.

### COUNT THREE

21. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

22. At all times relevant hereto, Defendants Star Transportation, Covenant Transport, John Does 1-10, and/or ABC Corporations 1-10 negligently entrusted the Freightliner to Defendant Johnny Phillips.

23. As a further direct and proximate result of Defendants Star Transportation, Covenant Transport, John Does 1-10, and/or ABC Corporations 1-10's negligent entrustment of the Freightliner to Defendant Johnny Phillips, Ms. Balimunkwe is entitled to damages.

## COUNT FOUR

24. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

25. Defendants Star Transportation, Covenant Transport, John Does 1-10, and/or ABC Corporations 1-10 had a duty to act reasonable in instructing, training, supervising and retaining its drivers and other employees and agents, including Johnny Phillips, and to promulgate and enforce policies, procedures and rules to ensure that its drivers and vehicles were reasonably safe.

26. Defendants Star Transportation, Covenant Transport, John Does 1-10, and/or ABC Corporations 1-10 had a duty to train its drivers, supervisors, and managers as to the Ohio Commercial Driving License rules.

27. Defendants Star Transportation, Covenant Transport, John Does 1-10, and/or ABC Corporations 1-10 had a duty to train its drivers, supervisors, and managers as to the Federal Motor Carrier Safety Regulations.

28. Defendants Star Transportation, Covenant Transport, John Does 1-10, and/or ABC Corporations 1-10 failed in the above-mentioned duties and were therefore negligent.

29. Defendants Star Transportation, Covenant Transport, John Does 1-10, and/or ABC Corporations 1-10's negligence was the direct and proximate cause of Ms. Balimunkwe's injuries and the damages described in this Complaint.

30. Defendants Star Transportation, Covenant Transport, John Does 1-10, and/or ABC Corporations 1-10's actions demonstrated a conscious disregard for the rights and safety of Ms. Balimunkwe, acting with reckless indifference to the consequences to others despite being aware of its and Defendant Phillips' conduct and knowing there was a great probability of causing substantial harm. Accordingly, Ms. Phillips is entitled to punitive damages against Defendants.

## COUNT FIVE

31. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

32. The names and addresses of Defendants John Does 1-10 and ABC Corporations 1-10 are unknown, and despite due diligence, Plaintiff was not able to discover the names and addresses of Defendants John Does 1-10 and ABC Corporations 1-10 prior to filing this Complaint.

33. At all times relevant hereto, Phillips was an agent and/or employee of Defendants Star Transportation, Covenant Transport, John Does 1-10 and/or ABC Corporations 1-10, and Phillips was at all times acting within the scope and course of said agency or employment, and in furtherance of the interest of Defendants Star Transportation, Covenant Transport, John Does 1-10 and/or ABC Corporations 1-10. As a result thereof, Defendants Star Transportation, Covenant Transport, John Does 1-10 and/or ABC Corporations 1-10 are vicariously liable for the damages proximately resulting from the negligent acts and tortious conduct of Phillips, as previously recited herein, pursuant to the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendants Phillips, Star Transportation, Covenant Transport, and John Does 1-10 and/or ABC Corporations 1-10 for compensatory damages in an amount exceeding twenty-five thousand dollars ($25,000.00) plus interest at the legal rate from the date of the accident, and for the costs of this action, attorney fees,

prejudgment interest, and for any other relief, whether legal or equitable, the Court deems appropriate.

                                                Respectfully submitted,

                                                /s/ R. Gregory Smith
                                                R. Gregory Smith    (0071493)
                                                Mancini Smith Law Group
                                                32 W. Hoster Street, Suite 200
                                                Columbus, Ohio 43215
                                                email:  rgreg@mancinilaw.com
                                                phone:  614.300.5001

                                                *Counsel for Plaintiff Betty Balimunkwe*


## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

                                                /s/ R. Gregory Smith
                                                R. Gregory Smith